[Department Two.— October 24, 1883.]

JOHN CARMAN, RESPONDENT, *v.* FRANK H. ROSS,  
APPELLANT.

PLEADING— PERSONAL PROPERTY.—In an action to recover possession of personal property, it was averred in the complaint that the plaintiff "was and is in the possession of the property." *Held*, that the complaint did not state a cause of action.

ID.— ANSWER— DEMURRER— SUFFICIENT DENIAL.—In an action to recover personal property, an answer which denies that the plaintiff is the owner of the property is not demurrable upon the ground that it does not state facts sufficient to constitute a defense.

PRACTICE— TRIAL.— After the decision of the court sustaining a demurrer to an answer, it is error to proceed to try the cause as if issues were joined by the pleadings.

APPEAL from a judgment of the Superior Court of the county of Stanislaus.

The facts sufficiently appear in the opinion of the court.

*Wright & Hazen*, for Appellant.

*Maddux & Simmons*, for Respondent.

PER CURIAM.— The demurrer to the complaint should have been sustained. This action is to recover possession of specific personal property, and it is averred in the complaint that the plaintiff was and is the owner *and in the possession of the property sued for*. This is an averment that the plaintiff was in the possession of the property sued for when this action was commenced. This being the case, the plaintiff had no cause of action. We do not think that this is cured by any other averment in the complaint.

The answer was demurred to on the ground, among others, that it did not state facts sufficient to constitute a defense. The demurrer was sustained generally. We are of opinion it was not well taken on the general ground above stated, for the answer does deny that the plaintiff is the owner of the property described in the complaint. The other ground of demurrer is so indefinitely stated that we cannot tell to what portion of the answer it relates, and therefore say nothing in regard to it.

The defendant refused to amend his answer. Nevertheless, the court below proceeded to try the case as if issues had been

joined in it by proper pleading. This trial was entirely irregular and erroneous. The cause seems to have been tried as if issues of fact had been made up, when in fact no such issues had been joined.

The findings are contradictory. The court in effect found that each party was in possession of the property sued for when the action was commenced. We cannot see how any judgment could have been pronounced on such a contradiction.

Judgment reversed and cause remanded for proceedings in conformity with this opinion.