[Civ. No. 3172. Third Appellate District.—November 22, 1926.]

JOSEPH MURACO, Respondent, v. H. DON, Appellant.

[1] FRAUD—SALE OF SHOE-REPAIRING SHOP AND BUSINESS—ACTION FOR DAMAGES—PLEADING—DEMURRER.—In an action for damages for false representations alleged to have been made by defendant to plaintiff in connection with the sale by the former to the latter of a shoe-repairing shop and business, a demurrer to the complaint on the ground that the latter pleading was uncertain, ambiguous, and unintelligible, without pointing out the uncertain, ambiguous, or unintelligible portions, was properly overruled.

[2] ID.—PLEADING—VERIFIED COMPLAINT—FORM OF DENIALS—ADMISSIONS.—Where the complaint is verified, subdivision 2 of section 437 of the Code of Civil Procedure applies, and each and every material allegation of the complaint must be controverted by specific denials, and under section 462 of the Code of Civil Procedure, where such allegations in the complaint are not controverted by the answer, they must for the purpose of the action be taken as true.

[3] ID. — DAMAGES — PLEADING — ADMISSIONS. — In such action, the allegations in the complaint that the defendant had caused plaintiff to suffer damages in a specified sum must be considered as admitted, where they were not controverted by any specific denial in the answer.

[4] ID.—ADMISSIONS—FINDINGS—EVIDENCE.—There can be no necessity for a finding as to a fact admitted by the pleadings, nor is there any necessity for making proof thereof.

---

1. See 21 Cal. Jur. 113.
2. See 21 Cal. Jur. 143.
3. See 8 Cal. Jur. 894.
4. See 8 Cal. Jur. 952; 26 R. C. L. 1089.

[5] ID.—PLEADINGS—FINDINGS—JUDGMENT.—In such action, in view of the admissions in the pleadings, the evidence was sufficient to support the findings, and the findings were sufficient to support the judgment.

---

(1) 27 C. J., p. 30, n. 77; 31 Cyc., p. 316, n. 82. (2) 31 Cyc., p. 193, n. 30, p. 208, n. 80. (3) 31 Cyc., p. 209, n. 82. (4) 31 Cyc., p. 678, n. 54; 38 Cyc., p. 1973, n. 16. (5) 28 C. J., p. 745, n. 45.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Wright for Appellant.

Feemster & Cleary for Respondent.

PLUMMER, J.—Plaintiff had judgment for the sum of $500, from which judgment the defendant appeals and assigns three grounds for reversal, to wit: That the court erred in overruling the defendant's demurrer to the plaintiff's complaint; that the evidence is insufficient to support the findings, and that the findings do not support the judgment.

The complaint alleges that on or about the nineteenth day of February, 1923, the defendant was the owner of a certain shoe-repairing business in the city of Visalia; that the defendant, for the purpose of inducing the plaintiff to purchase said shoe-repairing business and the machinery connected therewith, falsely and fraudulently represented to the plaintiff that the weekly income of said business had for a long time prior to said date been not less than the sum of $200 per week and that said business was worth the sum of $3,000; that if the plaintiff would purchase said business the defendant would convey to the plaintiff said business and the goodwill thereof and would not re-enter the shoe-repairing business in the city of Visalia while the plaintiff continued to operate said shoe-repairing shop and conduct said business. It is further alleged in the complaint that the statements and representations made by the defendant to the plaintiff were fraudulent and false, known to be such by the defendant, and made by the de-

fendant to the plaintiff for the express purpose of inducing the plaintiff to purchase the same for the sum of $3,000. It is further alleged in the complaint that said business was not worth the sum of $3,000 and was of the actual value of a sum not exceeding $1,500. It is further alleged that the weekly receipts of said business received by the defendant prior to the sale thereof to the plaintiff had not been the sum of $200 per week and that after the date of the sale of said business and transfer of the same by the defendant to the plaintiff the weekly income thereof was about the sum of $70.40. It is further alleged in the complaint that had said business been as represented by the defendant it would have been worth the sum of $4,000. The complaint in paragraphs VI, VII, and VIII sets forth the execution of a bill of sale and that at all times the defendant intended to retain for himself the goodwill of said business and intended to re-enter and continue said shoe-repairing business in the city of Visalia; that said representations and agreements to convey the goodwill of said business and not to re-enter the same were false and fraudulent, etc.; that after the execution of the bill of sale referred to in which the defendant purported to convey the goodwill of said business to the plaintiff and in which the said defendant agreed not to re-enter the shoe-repairing business in the city of Visalia so long as the plaintiff continued in the shop transferred to the plaintiff, the defendant did continue in said business; that prior to the sale of said business and transfer of the same to the plaintiff a large number of the established customers of said shoe-repairing shop were in the habit of leaving and did leave shoes to be repaired at a certain shoe store in the city of Visalia then and there conducted by the defendant for the purpose of having the same repaired at the shop transferred by the defendant to the plaintiff; that it was unknown to the plaintiff that a large part of the business of said shoe-repair shop was derived from shoes left to be repaired at the said shoe store belonging to the defendant; that as a part of the fraudulent scheme referred to in the complaint and for the purpose of cheating and defrauding the plaintiff, and for the purpose of retaining for himself and destroying the goodwill of said shoe-repairing business, the defendant diverted all the said shoe-repair business coming

to his shoe store away from plaintiff's shoe-repair shop and directed said customers to shoe-repairing shops other than that transferred to the plaintiff; that the said defendant made arrangements with other shoe-repair shops in the city of Visalia whereby he received a percentage or commission on all shoe-repair business sent to said shops in Visalia other than the shop conducted by the plaintiff.

It is further alleged in the complaint that by reason of the fraudulent statements and representations of said defendant and by reason of said fraudulent acts of the defendant plaintiff had been damaged in the sum of $4,000.

The agreement of purchase is attached as an exhibit to the complaint, from which it appears that the purchase price of said shoe-repairing shop and business was the sum of $3,000. There is also attached to the complaint as an exhibit the bill of sale executed and delivered by the defendant to the plaintiff purporting to convey to said plaintiff all the personal property contained in the shoe-repair shop referred to, the goodwill of the business and, among other things, said bill of sale contains the following: "And first party (defendant) agrees not to re-enter shoe repair business in Visalia so long as second party continues in shop at place above described." To this complaint the defendant interposed a demurrer alleging: 1. That the complaint does not state facts sufficient to constitute a cause of action; 2. That the complaint is uncertain, ambiguous, and unintelligible. [1] This demurrer was overruled and we think properly. The complaint to which we have referred was probably subject to demurrer on the grounds of ambiguity and unintelligibility in certain particulars and the demurrer on these grounds would have been good, if the demurrer itself had pointed out the ambiguous and unintelligible portions. The demurrer simply uses the words "uncertain, ambiguous, and unintelligible," which, of course, fails to direct the attention to any portion of the complaint alleged to be uncertain, or ambiguous or unintelligible, and, therefore, was properly overruled.

The answer filed by the defendant denies that the weekly receipts of said business had for a long time prior to the sale been less than the sum of $200 per week, denies that he represented to the plaintiff that the business was worth the sum of $3,000. The answer then admits that the defend-

ant told the plaintiff he would convey the goodwill of said business, but denies that he represented or told the plaintiff that he would not re-enter the shoe-repairing business in Visalia so long as defendant continued to operate said shoe-repair shop. This denial appears to have been made in the face of the express language which we have quoted from the bill of sale containing such an agreement on the part of the defendant. The defendant then practically admits the making of the promises to transfer and convey the goodwill of the business and not to re-enter the same in the following denial: "Denies that his offer to convey the good will of said business and refraining from entering said business in Visalia as alleged, was made without any intention of complying therewith." Nor does the defendant deny the making of the other representations set forth in the complaint, the denial being couched in the following language: "Denies that each and all of the statements and representations were made by defendant for the purpose of cheating and swindling the plaintiff by inducing him to purchase said repair shop for the sum of $3,000.00; denies that there was any misrepresentations, or any deceit, or any false representations for the purpose of cheating the plaintiff, as alleged, or otherwise, or at all; denies at the time the defendant made any statements to the plaintiff that the weekly receipts had been much less than the sum of $200.00 per week," and then as to the value of the business, the answer contains the following: "Defendant denies that on the 19th day of February, 1923, that the said repair shop and business on said date was of the actual value of $1,500.00." As to the allegations in the complaint that the defendant intended to retain the goodwill of the business for himself, the answer contains the following: "Denies that there was any statements made by the defendant as alleged, or otherwise or at all wherein the good will of the business was attempted to be retained by the defendant; denies that he attempted to retain the good will of the business." Finally, the last paragraph of the answer contains the following: "Defendant denies generally and specifically each and every allegation set forth in paragraph 6, paragraph 7, and paragraph 8 of plaintiff's complaint." These paragraphs of the complaint contained all the allegations concerning the actions of the defendant in

diverting business from the shop conveyed by the defendant to the plaintiff, the intention of the defendant to retain the goodwill of the business for himself, the making of arrangements with other shoe shops whereby he (defendant) obtained a commission on all shoes sent from his shoe store to other shops than the plaintiff's to be repaired and upon shoes left by former customers of his shoe store sent to other shops to be repaired, and, also, the allegation that, by reason of the fraudulent statements, representations and acts of the defendant, the plaintiff had been damaged in the sum of $4,000.

[2] The complaint in this action was verified. Therefore, subdivision 2 of section 437 of the Code of Civil Procedure applies, and each and every material allegation therein must be controverted by special denials, and under section 462 of the Code of Civil Procedure, where such allegations in the complaint are not controverted by the answer, they must for the purpose of the action be taken as true.

This defect in the answer of the defendant was not waived during the trial, as the record shows when the defendant attempted to introduce evidence controverting the allegations of the complaint as to the diversion of business, etc. The plaintiff objected to the introduction of the same on the ground that such allegations had been admitted by the pleadings. The objection of the plaintiff, however, was overruled by the court. No evidence was introduced by either party on the question of the damages suffered by the plaintiff. [3] The allegations in the complaint that the defendant had caused the plaintiff to suffer damages in the sum of $4,000 was not controverted by any specific denial in the answer, as we have said, and, therefore, under the sections referred to, must be considered as admitted. The trial court, however, did not act wholly upon the admissions contained in the pleadings, as the language of the trial court, in considering the question of damages, shows. The words used are as follows: ''The admitted averments that the value of the property sold was at the time of sale not more than $1,500.00 does not appear to be conclusive, as all the facts and circumstances developed in the case must be considered. The same is true as to the admitted averment that if the statements and representations

had been true, the shop and business would have been worth $4,000.''

The court found, among other things, that the defendant represented that the weekly receipts of the shop were not less than $200 per week, but that the receipts were much less than such sum per week. The court also found that on account of other representations of the defendant the plaintiff was induced to believe that the business was worth the sum of $3,000 and was induced to pay said sum for said business; that the defendant agreed to transfer and did purport to transfer the goodwill of said business, etc., and not to re-enter the shoe-repairing business and that said statements and promises were made without any intention of conforming thereto; that the representations and promises were made for the purpose of cheating and defrauding the plaintiff. The court then found the value of the business in the following language: ''That at the time of the purchase of said shoe repair shop and business from said defendant by said plaintiff, as hereinbefore set forth, the said shoe repairing shop and business was not of the value of $3,000.00, but that on the contrary, the said shoe repairing shop and business was of the value of much less than $3,000.00.'' This finding, in and of itself, is insufficient upon which to predicate a judgment for damages. This, however, is immaterial, for the reason that the court did not base its judgment for damages upon the difference between the true value of the shop, including the business, and the amount which was actually paid therefor by the plaintiff. After finding that the defendant fraudulently diverted business from the plaintiff's shop, the court concludes its findings as follows: ''The court finds that by reason of the false and fraudulent statements and misrepresentations made by the defendant, H. Don, to plaintiff, Joseph Muraco, as hereinbefore set forth, and by reason of the promises made by said defendant, H. Don, to said plaintiff, Joseph Muraco, as hereinabove set forth, without any intention of complying with said promises, and by reason of the failure of said defendant thereafter to comply with said promises, the said plaintiff, Joseph Muraco, is damaged in the sum of Five Hundred ($500.00) Dollars.'' By reason of this finding it will be seen that the court based its judgment for $500 in damages upon the failure of the

defendant to comply with the promises theretofore made
by the defendant to the plaintiff, which, according to the
allegations of the complaint, constituted part of the con-
sideration for the purchase of the business and shop by
the plaintiff from the defendant. The pleadings, as we have
stated, interposed on the part of the defendant fail to
deny the damages alleged to have been suffered by the plain-
tiff, in the sum of $4,000. The testimony in the transcript
shows and the admissions of the pleadings establish that
the defendant impaired the goodwill of the business con-
trary to his agreement, that the defendant diverted re-
pair work from the shop that he had transferred to the
plaintiff, and that, after the transfer of said business by
the defendant to the plaintiff, the average weekly receipts
were not more than the sum of about $70. This finding; even
though it cannot be figured accurately in dollars and cents
just what the goodwill of the business may be worth, am-
ply sustains the judgment of the court in fixing the damages
in the sum of $500. Had the findings been properly drawn
in relation to the value of the business to show how much
less than $3,000 the business was worth, then, and in that
case, a much greater sum in damages might have been al-
lowed. Thus the complaint alleges payment of $3,000 for
the business by reason of the fraudulent representations of
the defendant and then the answer of the defendant ad-
mits the value of the business as not exceeding $1,500. The
findings which we have referred to omit to specify how
much less than $3,000 the business is found to be worth,
but, as we have stated, the judgment does not rest upon
this finding, which is clearly defective. Had the damages
awarded been based upon the difference between the true
value of the property and the amount paid, then the ad-
missions in the pleadings would have obviated any finding
whatever as to the amount of the damages. However, as
we have said, the amount of damages upon whatever based
is admitted by the failure of the defendant to specifically
deny the same. [4] It is well settled that there can be
no necessity for a finding as to a fact admitted by the plead-
ings, nor is there any necessity for making proof thereof.
See *Welch* v. *Alcott,* 185 Cal. 731 [198 Pac. 626], and the
cases cited and rules of law relating to admissions in plead-
ing set forth on page 754 of the opinion in that case. To

the same effect is the decision in the recent case of *Aronsohn & Co.* v. *Pearson,* 199 Cal. 781 [249 Pac. 191].

[5] In view of the admissions in the pleadings, we think the evidence sufficient to support the findings and the findings sufficient to support the judgment. It is therefore ordered that the judgment of the trial court be and the same is hereby affirmed.

Thompson, J., *pro tem.,* and Finch, P. J., concurred.