[Civ. No. 15323. Second Dist., Div. Two. Aug. 6, 1946.]

RUBY L. COONS, Respondent, v. J. V. THOMPSON et al., Appellants.

James G. Whyte and Maurice O'Connor for Appellants.

Arlo E. Rickett, Jr., for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after the sustaining without leave to amend of a demurrer to the third amended answer of defendants in an action to quiet title to real property, defendants appeal.

These are the conceded facts:

On May 24, 1945, plaintiff filed a complaint to quiet title to certain real property. In Paragraph III of the complaint it was alleged "that plaintiff [was] the owner of and entitled to possession of the real property described as follows: . . ." (Thereafter there was a detailed description of the property claimed by plaintiff.) After demurrers of plaintiff had been sustained to two answers of defendants, a third amended answer was filed by them which read in part as follows:

"Deny generally and specifically each and every allegation contained in Paragraph III of plaintiff's complaint."

In addition the answer contained numerous allegations by which defendants unartfully endeavored to allege that they had certain equities in the property described in the complaint. To this answer plaintiff demurred* (1) generally and

---

*Omitting the title of the court and cause the demurrer read as follows:

"Demurrer to Third Amended Answer

"Comes now the plaintiff and demurs to the third amended answer of J. V. Thompson and Mrs. J. V. Thompson and for grounds of demurrer alleges:

"I.

"That the answer does not state facts sufficient to constitute a defense or counterclaim.

(Footnote continued on next page)

(2) specifically on the grounds (a) that several causes of counterclaim had been improperly joined and not separately stated, (b) of ambiguity, (c) of unintelligibility and (d) of uncertainty. This demurrer was sustained without leave to amend on October 19, 1945.

On October 24, 1945, plaintiff served on defendants a notice of "Hearing of Proof of Title and Rights of Plaintiff to Immediate Possession," which hearing was set for November 2, 1945. On the latter date defendants were represented by counsel, at which time the trial court took evidence and found that plaintiff was the owner and entitled to possession of the real property in question. The defendants made no objection to the introduction of evidence. A judgment was thereafter entered in favor of plaintiff pursuant to the trial court's findings and the present appeal ensued.

Defendants rely for reversal of the judgment on the proposition that *the trial court committed prejudicial error in sustaining the demurrer to their third amended answer.*

This proposition is tenable and is governed by these established rules of law:

(1) In a quiet title action the denial in defendants' answer of plaintiff's ownership and right to possession of the property in question raises issues of fact requiring a trial of the action. (*Hinds* v. *Clark,* 173 Cal. 49, 50 et seq. [159 P. 153]; *Carman* v. *Ross,* 64 Cal. 249 [29 P. 510]; *Reese* v. *Gross,* 2 Cal.App.2d 384, 385 [37 P.2d 1058]; *Weyse* v. *Biedebach,* 86 Cal.App. 712, 717 [261 P. 1086].)

(2) A special demurrer to a pleading upon the ground that several counterclaims have been improperly joined and not separately stated is insufficient unless the demurrer specifies wherein the alleged misjoinder exists. (See *Miller* v.

---

"II.

"That several causes of counterclaim have been improperly joined, or not separately stated.

"III.

"That the answer is ambiguous.

"IV.

"That the answer is unintelligible.

"V.

"That the answer is uncertain.

"Wherefore, demurring plaintiff prays that the answer be set aside and plaintiff be given judgment as prayed for in her complaint.

"Dated: October 13, 1945.

Arlo E. Rickett, Jr.
Attorney for Plaintiff"

*Dyer,* 20 Cal.2d 526, 531 [127 P.2d 901, 141 A.L.R. 1428];
*Healy* v. *Visalia & Tulare R. R. Co.,* 101 Cal. 585, 593 [36 P.
125].)

(3) A special demurrer on the ground that an answer
is (a) ambiguous, (b) unintelligible, or (c) uncertain is in-
sufficient unless the demurrer points out specifically wherein
the pleading is ambiguous, uncertain or unintelligible. (See
*Johnson* v. *Clark,* 7 Cal.2d 529, 536 [61 P.2d 767]; *Muraco* v.
*Don,* 79 Cal.App. 738, 741 [250 P. 1109].)

(4) After a demurrer is sustained to an answer a de-
fendant is practically out of the action and his objection to
subsequent proceedings in the trial court cannot be consid-
ered. (*Ramsey* v. *Flournoy,* 58 Cal. 260, 262. See, also,
*Carman* v. *Ross,* 64 Cal. 249 et seq. [29 P. 510].)

Applying the foregoing rules to the facts of the in-
stant case it appears that since the third amended answer
denied specifically the allegation of the complaint ''that plain-
tiff [was] the owner of and entitled to possession of the real
property described'' in the complaint, under rule 1 *supra* the
answer raised material issues of fact requiring a trial of the
action. It was therefore error to sustain the general demur-
rer to the third amended answer.

Likewise since the special demurrer failed to
point out wherein several causes of counterclaim had been
improperly joined and not separately stated or wherein the
answer was ambiguous, unintelligible or uncertain, the spe-
cial demurrer on such grounds under rules 2 and 3 *supra*
was insufficient and it was error to sustain the demurrer on
all or any one of the grounds mentioned.

Lastly, since by sustaining the demurrer without
leave to amend defendants were practically eliminated from
the action, the fact that they had notice of the hearing and
were present when evidence was received on behalf of plain-
tiff did not prevent the trial court's ruling on the demurrer
from being prejudicial to the rights of defendants, as under
rule 4 *supra* any objection of defendants at the time of the
hearing could not have properly been considered by the trial
court.

For the foregoing reasons the judgment is reversed and
the trial court is directed to overrule plaintiff's demurrer to
the third amended answer and to take such other proceeding
as may be consonant with the views expressed in this opinion.

Moore, P. J., and Wilson, J., concurred.