[Civ. No. 48379. First Dist., Div. Four. May 25, 1982.]

ORIS PAYTON, Plaintiff and Appellant, v.
CITY OF SANTA CLARA et al., Defendants and Respondents.

COUNSEL

Stephen M. Kociol and Eileen Matteucci for Plaintiff and Appellant.

Mark G. Hyde and Rankin, O'Neal, Center, Luckhardt, Marlais, Lund & Hinshaw for Defendants and Respondents.

OPINION

POCHÉ, J.—Oris Payton appeals from a judgment of dismissal rendered after a demurrer to his amended complaint was sustained without leave to amend. We reverse.

*Facts*[1]

Appellant sought damages against respondents, City of Santa Clara, arising out of the city's alleged misconduct in posting in a public employee workroom notice of his termination and the reasons therefor. In particular, the amended complaint alleged that the specific reasons for the termination of appellant's employment—allegations of "unauthorized absence, failure to observe departmental rules, and dishonesty"—were contained in an interoffice memorandum addressed to him alone which he received on June 30, 1978. Sometime thereafter appellant learned that the memorandum had been posted, without his knowledge

---

[1]For purposes of this appeal, respondents' demurrer admits the truthfulness of the properly pleaded factual allegations in the complaint. (See *Serrano* v. *Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241].)

or consent, by or at the direction of an employee of respondents, acting within the scope of his employment. The memorandum was posted on an open bulletin board in respondents' lab office located at respondents' corporation yard. This yard, which serves both as a "break area" and a "work area" for employees of respondents, is frequented daily by approximately 40 to 50 employees "who engage in various activities including extensive socializing." Appellant alleged "that although the memorandum may have been secured for a proper city purpose by [respondents], the subsequent disclosure of the memorandum was in no way related to that purpose or to any other legitimate city purpose."

The complaint prayed for general damages in the sum of $25,000, caused as a result of the "improper disclosure" of the memorandum "to third persons not officially interested in its contents...."

## Discussion

Appellant contends that the allegations of his amended complaint state a prima facie violation of the right to privacy under article I, section 1 of the California Constitution, and that therefore the trial court erred in sustaining the city's demurrer without leave to amend. We agree.

In November 1972, the voters of this state adopted a privacy amendment to article I, section 1, which now provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and *privacy*." (Italics added)

One of the principal "mischiefs" at which the privacy amendment is directed is the "improper use of information properly obtained for a specific purpose, for example, the use of it for another purpose or the disclosure of it to some third party;..." (*White* v. *Davis* (1975) 13 Cal.3d 757, 775 [120 Cal.Rptr. 94, 533 P.2d 222].) Appellant has pleaded adequately that respondents engaged in such mischief: improper use of information properly obtained. That is all that is required of appellant in order to prevail against a general demurrer inasmuch as the privacy amendment "is intended to be self-executing, i.e., that the constitutional provision, in itself, 'creates a legal and enforceable right of privacy for every Californian.'" (*Ibid.*)

The allegations of appellant's complaint, which for present purposes must be deemed true, state a prima facie violation of the state constitutional right of privacy. At a later stage, of course, respondents may contest any of the allegations of the complaint, present any affirmative defenses, or show some compelling public interest justifying the posting of the memorandum. (*White* v. *Davis, supra*, 13 Cal.3d at p. 776; *Porten* v. *University of San Francisco* (1976) 64 Cal.App.3d 825, 832 [134 Cal.Rptr. 839].)

The judgment is reversed and the case is remanded to the trial court with directions to overrule the general demurrer.

Rattigan, Acting P. J., and Christian, J., concurred.