[Civ. No. 5319. Fifth Dist. Sept. 15, 1982.]

ORION L. FENTON et al., Plaintiffs and Appellants, v. GROVELAND COMMUNITY SERVICES DISTRICT et al., Defendants and Respondents.

COUNSEL

Strauss, Neibauer & Anderson, Strauss, Neibauer, Anderson & Hollenback and John J. Hollenback, Jr., for Plaintiffs and Appellants.

Cardozo, Nickerson, Martelli, Curtis & Arata and D. Lee Hedgepeth for Defendants and Respondents.

## OPINION

### BIANCHI, J.*—

#### STATEMENT OF THE CASE

This is an appeal from a judgment dismissing the action for failure to make a timely amendment to the complaint after the sustaining of a demurrer.

---

*Assigned by the Chairperson of the Judicial Council.

On November 8, 1977, appellants were not permitted to vote in Groveland Community Services District in the County of Tuolumne. By letter of November 7, 1977, County Clerk Carlo DeFerrari had informed the precinct election board that probable cause existed to believe that appellant Anne Fenton resided outside the election district. This letter was based on three affidavits filed pursuant to Elections Code section 14216.[1] The affidavits of Elizabeth Scofield, Fay Hyde, and George Dickens each alleged that Anne Fenton did not reside within the Groveland Community Services District.

Appellants filed a complaint for damages against defendants Groveland Community Services District, the County of Tuolumne, Carlo DeFerrari, Elizabeth Scofield, George Dickens, and Faye Hyde. Appellants alleged they had been denied the right to vote on November 8, 1977, and alleged violations of their constitutional rights to due process and equal protection under the California Constitution. Appellants prayed for $300,000 in general damages, $300,000 in punitive damages, and attorney's fees.

On February 16, 1979, respondents demurred to the complaint on the grounds that: (1) appellants had failed to state a cause of action, and

---

[1]Elections Code section 14216 provides: "A person offering to vote may be orally challenged within the polling place only by a member of the precinct board upon any or all of the following grounds:

"(a) That the voter is not the person whose name appears on the index.

"(b) That the voter is not a resident of the precinct.

"(c) That the voter is not a citizen of the United States.

"(d) That the voter has voted that day.

"(e) That the voter is presently on parole for the conviction of a felony.

"On the day of the election no person, other than a member of a precinct board or other official responsible for the conduct of the election, shall challenge or question any voter concerning the voter's qualifications to vote.

"If any member of a precinct board receives, by mail or otherwise, any document or list concerning the residence or other voting qualifications of any person or persons, with the express or implied suggestion, request, or demand that such person or persons be challenged, the board member shall first determine whether the document or list contains or is accompanied by evidence constituting probable cause to justify or substantiate a challenge. In any case, before making any use whatever of such a list or document, the member of the precinct board shall immediately contact the clerk, charged with the duty of conducting the election, and describe the contents of such document or list and such evidence, if any, received bearing on voting qualifications. The clerk shall advise members of the precinct board as to the sufficiency of probable cause for instituting and substantiating the challenge and as to the law as herein provided, relating to hearings and procedures for challenges by members of the precinct board and the termination thereof by a precinct board. The clerk may, if necessary, designate a deputy to receive and answer inquiries from precinct board members as herein provided."

(2) the complaint was vague, ambiguous, and uncertain. Respondents also filed a motion to strike parts of appellant's complaint and prayer for relief.

The demurrer was sustained on the ground that the complaint failed to state facts sufficient to constitute a cause of action. Appellants were granted 15 days leave to amend their complaint.

On April 16, 1979, appellants filed an amended complaint alleging a conspiracy on the part of respondents to deny appellants' right to vote and further that respondents' negligence had resulted in a loss of appellants' right to vote. Finally, appellants alleged violation of unspecified local, state, and federal laws, protective of the right to vote and prayed for $300,000 in general damages, $300,000 in punitive damages, and attorney's fees.

Respondents then filed a general and special demurrer to the amended complaint and a motion to strike as to the costs and punitive damages requested.

On July 5, 1979, the court sustained a general demurrer as to defendant County of Tuolumne, and sustained a special demurrer as to the individually named defendants (DeFerrari, Scofield, and Hyde). The latter demurrer was sustained on grounds of uncertainty. The court denied without prejudice respondents' motion to strike. Appellants were granted 20 days leave to file an amended complaint.

On August 15, 1979, respondents filed a motion to dismiss the case for appellants' failure to timely file an amended complaint. (Code Civ. Proc., § 581, subd. 3.)

On September 21, 1979, the motion to dismiss was granted and judgment was entered on October 11, 1979. This appeal followed.

DISCUSSION

I. *Was the general demurrer as to the county defendants properly sustained as to appellants' cause of action under the state Constitution?*

Appellants' complaint alleged that the right to vote under state law was abridged by respondents. Respondent County of Tuolumne de-

murred on the ground that the complaint failed to state facts sufficient to constitute a cause of action. In their supporting points and authorities, the county specifically relied on the governmental immunities provided in Government Code sections 815, 818, and 820.2. In sustaining the general demurrer, the trial court did not indicate which of these statutes was dispositive. Thus, each must be considered, since appellants' failure to amend their complaint after leave granted by the court requires appellants to prove that their complaint was not susceptible of a general demurrer on any ground raised below. (49 Cal.Jur.3d, Pleading, § 170, p. 591.)[2]

Government Code section 815[3] provides that a public entity is not liable for the injuries it causes. However, as the Senate Committee comment on section 815 makes clear, the public entity will be held liable in those instances where the Legislature has passed a statute assessing liability, or where the state or federal Constitution requires liability. (See legis. committee com., West's Ann. Gov. Code (1980 ed.) § 815, p. 168.)

Initially, it should be noted that section 815, enacted as part of the California Tort Claims Act in 1963, typically serves as a bar to causes of action for damages for personal injuries. Here, appellants seek damages for a violation of their constitutional rights.

However, this is not to say that section 815 is inapplicable. Appellants are, by definition, seeking to state a cause of action in tort. "A tort requires that a plaintiff have a legally protected right which, when invaded by the defendant, is compensable by money damages. The civil remedy for *constitutional* torts is a direct claim by the victim of the official wrongdoing to secure compensation for the denial of his *constitutional* rights." (See Comment, *Executive Immunity for Constitutional Torts After Butz v. Economou* (1980) 20 Santa Clara L.Rev. 453, 455, fn. omitted.)

---

[2]We proceed directly to the issue of governmental immunity, since respondents do not contend that they lacked a duty to protect appellants' right to vote. (See *Davidson v. City of Westminster* (1982) 32 Cal.3d 197 [185 Cal.Rptr. 252, 649 P.2d 894].)

[3]Government Code section 815 provides: "Except as otherwise provided by statute:

"(a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

"(b) The liability of a public entity established by this part (commencing with section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person."

Thus, respondents were entitled to rely on section 815 in demurring to the complaint. However, the question remains as to whether appellants' cause of action falls within one of the exceptions to the governmental immunity granted by section 815.

As noted above, the Legislature has recognized that the state Constitution may provide a cause of action independent from any statute providing for liability. (Legis. committee com., West's Ann. Gov. Code, *supra*, § 815, p. 168.) Appellants contend the right to vote guaranteed by article II, section 2 of the California Constitution provides a cause of action for damages against the County of Tuolumne. Appellants' position is well taken.

Appellants do not cite any authority which is directly on point, but argue from analogous cases involving the state constitutional right to privacy. In *Porten* v. *University of San Francisco* (1976) 64 Cal.App.3d 825 [134 Cal.Rptr. 839], it was held that since the constitutional right to privacy is contained in a self-executing provision, a cause of action for damages will survive a demurrer. (*Id.*, at pp. 829-832; accord, *Payton* v. *City of Santa Clara* (1982) 132 Cal.App.3d 152 [183 Cal.Rptr. 17]; see also *White* v. *Davis* (1975) 13 Cal.3d 757 [120 Cal.Rptr. 94, 533 P.2d 222], demurrer improperly sustained as to a cause of action for injunctive relief for alleged violation of the right to privacy.) As is readily apparent, these cases involve neither the right to vote nor the applicability of section 815.

However, the recently decided case of *Laguna Publishing Co.* v. *Golden Rain Foundation* (1982) 131 Cal.App.3d 816 [182 Cal.Rptr. 813], provides strong support for appellants' position. There, plaintiffs alleged violations of their state constitutional rights to free speech and free press. The trial court denied plaintiffs the right to seek damages, and the appellate court deemed this order to have the same legal effect as a general demurrer. (*Id.*, at p. 822.) The court went on to hold that because of the self-executing and important nature of the free speech and free press provision of the California Constitution, plaintiffs were entitled to maintain a cause of action for damages even though no statute granted such a cause of action. (*Id.*, at pp. 851-853.)

*Laguna Publishing Co.*, while not addressing the question of governmental immunity, is persuasive authority for the proposition that section 815 does not bar appellants' state constitutional cause of action. First, the procedural posture in *Laguna Publishing Co.* is identical to

that here. An order having the effect of a general demurrer was imposed as to a constitutional cause of action in both cases. Second, the right to vote would appear to be contained in a self-executing provision of the Constitution as is the right to free speech and free press.[4] ▮ A constitutional provision is presumed to be self-executing. (*Flood* v. *Riggs* (1978) 80 Cal.App.3d 138, 154 [145 Cal.Rptr. 573]; *Taylor* v. *Madigan* (1975) 53 Cal.App.3d 943, 950 [126 Cal.Rptr. 376].) This presumption will be given effect unless it appears that legislation is required to implement the right granted. (*Chesney* v. *Byram* (1940) 15 Cal.2d 460, 462-463 [101 P.2d 1106].) The right to vote contained in article II, section 2, clearly does not require enabling legislation, and must therefore be deemed to be self-executing. (*Ibid.*)

▮ Since the right to vote provision is self-executing, section 815 does not stand as a bar to appellants' cause of action. As was held in *Laguna Publishing Co.* v. *Golden Rain Foundation, supra,* 131 Cal. App.3d 816, 853, "... the *special dignity* accorded the rights of free speech and free press ..." afforded plaintiffs the right to seek damages without enabling legislation. The right to vote is no less worthy of protection. (See *Otsuka* v. *Hite* (1966) 64 Cal.2d 596, 601 [51 Cal.Rptr. 284, 414 P.2d 412], and cases cited therein establishing the fundamental importance of the right to vote.)

Regardless of the foregoing authorities, the law, antedating the enactment of section 815 (passed in 1963) is consistent with the position that governmental immunity does not lie in this case. In *Rose* v. *State of California* (1942) 19 Cal.2d 713 [123 P.2d 505], plaintiff brought a cause of action for inverse condemnation. The State demurred alleging they had not consented to the cause of action, nor was there any statutory authorization for such a suit. It was held that the Constitution provided for the cause of action. (*Id.,* at p. 720.) Significantly, the legislative committee comment to section 815 provides the example that section 815 is inapplicable to inverse condemnation cases. (Legis. committee com., West's Ann. Gov. Code, *supra,* § 815, p. 168.) If damages are available for the significant deprivation of the right to hold property, they should be equally available for the deprivation of the fundamental right to vote.

---

[4]Article II, section 2, simply provides: "A United States citizen 18 years of age and resident in this state may vote." The old and differently worded right to vote provision (art. II, § 1) was held to be self-executing in *Arapajolu* v. *McMenamin* (1952) 113 Cal.App.2d 824, 830 [249 P.2d 318, 34 A.L.R.2d 1185].)

Respondent County of Tuolumne could not rely on section 815 as a basis for a general demurrer to appellants' complaint. The state constitutional right to vote is contained in a self-executing provision, which a governmental entity may not violate without standing accountable for any provable damages.[5]

Respondent County of Tuolumne also relied on Government Code section 820.2 in demurring to the complaint. Section 820.2 provides: "Except as otherwise provided by statute, a public employee is not liable for injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

Respondents contend that they engaged in a discretionary act in denying appellants' right to vote. Respondents argue that appellants failed to meet the residency requirements for voting in the Groveland Community Services District, hence respondents acted within their discretion in denying appellants the opportunity to vote. Respondents' contention misses the mark.

As construed by the California Supreme Court, section 820.2 is intended to provide immunity only in those instances where the governmental entity is engaging in a policy-making function. "Immunity for 'discretionary' activities serves no purpose except to assure that courts refuse to pass judgment on policy decisions in the province of coordinate branches of government. Accordingly, to be entitled to immunity the state must make a showing that such a policy decision, consciously balancing risks and advantages, took place." (*Johnson* v. *State of California* (1968) 69 Cal.2d 782, 794-795, fn. 8 [73 Cal.Rptr. 240, 447 P.2d 352].)

Here, respondents were not engaging in policy-making, but were merely exercising the ministerial task of determining if certain procedural (i.e., residency) requirements were met on the part of two potential voters. It must be noted that respondents denied appellants the opportunity to vote based on the letter of the county clerk which assert-

---

[5]Respondents' brief contains no argument concerning the applicability of section 815 in this case. Respondents assert only that appellants never opposed the county's claim of immunity at the trial level. However, respondents cite no authority for the legal effect, if any, of the failure to oppose the immunity claim. Lacking citations of authority, respondents' assertion falls by the wayside. (6 Witkin, Cal. Procedure (2d ed. 1971) pp. 4391-4393.)

ed that probable cause existed to believe appellants resided outside the election district.

The applicability of section 820.2 to the acts of a county clerk was considered in *Sanborn* v. *Chronicle Publishing Co.* (1976) 18 Cal.3d 406 [134 Cal.Rptr. 402, 556 P.2d 764]. There, the county clerk made allegedly libelous statements to the press. The court concluded that while the clerk had "discretion" as to whether to speak to the press, his "... decision to do so was [not] in the nature of a 'basic policy decision' made at the 'planning' stage of City's operations." (*Id.*, at p. 415.) Similarly here, both the county clerk and the elections board had the "discretion" to deny appellants the opportunity to vote. However, as reflected by *Sanborn*, their actions did not rise to the level of a policy decision. A general demurrer premised on section 820.2 should not have been sustained.

Finally, respondents' moving papers in support of the demurrer cited Government Code section 818, which proscribes an award of exemplary damages against a governmental entity. Section 818 need not concern this court. Respondents concede that their citation of section 818 was relevant only to their motion to strike certain allegations from appellants' complaint. Thus, section 818 does not bear upon the issue of whether respondents' general demurrer was properly sustained.

In conclusion, the trial court erred in sustaining respondents' general demurrer as to appellants' cause of action premised on an alleged violation of a self-executing provision of the California Constitution. A governmental entity such as the County of Tuolumne may not rely on the immunities granted in sections 815 and 820.2, where its officials act in ministerial rather than policy-making roles and allegedly deny the right to vote.

II. *Was the general demurrer as to the county defendants properly sustained as to appellants' cause of action under the federal Civil Rights Act?*

■ Appellants' complaint alleged a violation of federal law. Although not specified in the complaint, appellants' points and authorities in opposition to respondents' demurrer[6] established that appellants were relying on the federal Voting Rights Act, 42 United States Code section

[6]Respondents contend that these points and authorities may not properly be considered on appeal, since they were filed in opposition to the initial demurrer, and not the second demurrer which is now under review. In light of the fact that respondents' sec-

1971 et seq., and the federal Civil Rights Act, 42. United States Code section 1981 et seq. At the hearing on respondents' initial demurrer the trial court recognized appellants' attempt to allege violations of federal law. However, the court erroneously stated that the California governmental immunity statutes would apply to claims made under federal law.

The rule is to the contrary. It has been held that California governmental immunity statutes may not be applied as against a claim brought under the federal Civil Rights Act. (*Martinez* v. *California* (1980) 444 U.S. 277, 284 [62 L.Ed.2d 481, 488-489, 100 S.Ct. 553]; *Rossiter* v. *Benoit* (1979) 88 Cal.App.3d 706, 713 [152 Cal.Rptr. 65].) Thus, respondents' general demurrer as to appellants' federally based cause of action was improperly sustained.

■ Respondents contend that the complaint failed to state with sufficient specificity and particularity the allegations necessary to show a cause of action under 42 United States Code section 1981 et seq. Respondents are too late in raising this point. It was not raised below and may not be raised here. (*People* v. *Merriam* (1967) 66 Cal.2d 390, 396-397 [58 Cal.Rptr. 1, 426 P.2d 161].)

■ ■■■ Respondents also contend that a county is not a proper party defendant under 42 United States Code section 1981 et seq. This contention fails both procedurally and substantively. It has been waived since it was not raised below. (*People* v. *Merriam, supra*, 66 Cal.2d 390, 396-397.) Moreover, *Monell* v. *New. York City Dept. of Social Services* (1978) 436 U.S. 658 [56 L.Ed.2d 611, 98 S.Ct. 2018], provides that local governmental entities may be sued under 42 United States Code section 1983.[7]

The trial court improperly sustained respondents' general demurrer as to appellants' cause of action under the federal Civil Rights Act.

■ III. *Was a special demurrer as to both the county and individually named defendants sustainable on the grounds of uncertainty?*

---

ond demurrer was virtually identical to their first demurrer, it seems entirely reasonable to consider appellants' points and authorities.

[7]Parenthetically, it should be noted that section 1983 liability under *Monell* is limited to those injuries caused by official policy. (436 U.S. 658, 690-691 [56 L.Ed.2d 611, 635].) A governmental entity may not be held liable on a respondeat superior theory. (*Ibid.*) This principle may well apply in this case. However, the issue not having been raised, this court need not consider it.

Respondents demurred to the complaint on the grounds that it was vague, ambiguous, and uncertain. (See Code Civ. Proc., § 430.10, subd. (f), providing grounds for demurrer based on uncertainty, ambiguity, and unintelligibility.) The trial court sustained the demurrer as to the individually named defendants on the grounds of uncertainty. Since respondents raised the grounds of uncertainty as to both the county and individually named defendants, and because appellants chose to stand on their complaint rather than filing an amended complaint, this court must consider the grounds of uncertainty as to all defendants. (49 Cal. Jur.3d, Pleading, § 170, p. 591.)

■ Although respondents' demurrer was premised on the grounds of uncertainty, the accompanying points and authorities failed to specify in what particulars the complaint was uncertain. Generally, the failure to specify the uncertain aspects of a complaint will defeat a demurrer based on the grounds of uncertainty. (Code Civ. Proc., § 430.60; 49 Cal.Jur.3d, Pleading, § 150, pp. 555-556; *Coons* v. *Thompson* (1946) 75 Cal.App.2d 687, 690 [171 P.2d 443].)

Here, however, this court must accord a presumption of correctness to the trial court ruling. The parties neglected to have the hearing on the demurrer recorded. Under these circumstances, the trial court is presumed to have entered a proper order. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].)

This court is therefore caught between two competing legal principles. We must simultaneously presume that the demurrers were properly sustained, yet the demurrers could not have been correctly sustained absent respondents' specification of the particulars in which the complaint was uncertain.

We resolve this conflict by reference to the record that is before us. The proceedings under review represented the second demurrer brought by respondents. At the hearing before the trial court on respondents' *first* demurrer, respondents orally presented two specifications of uncertainty: (1) the complaint did not allege the official capacity in which respondents had acted, and (2) the complaint did not allege in what manner appellants were prevented from voting. This court will review these two specifications and if these specifications are found wanting, the presumption that the trial court's order is correct must be overcome. A trial court's order cannot be presumed correct based on a nonexistent showing by a party.

Respondents' first specification of uncertainty was that the complaint failed to allege the official capacity in which respondents had acted. This contention is unavailing. A plaintiff ". . . need not particularize matters 'presumptively within the knowledge of the demurring' defendant. [Citation.]" (*Smith* v. *Kern County Land Co.* (1958) 51 Cal.2d 205, 209 [331 P.2d 645].) Here, it may be fairly assumed that respondents were aware of what their official capacities were at the time in question.

Respondents' second specification of uncertainty was that the complaint did not allege the manner in which appellants were prevented from voting. This contention is meritless. The amended complaint alleges that appellants visited the polls on election day, but were denied the right to vote based on certain allegedly false affidavits filed by the individually named defendants. A demurrer on the grounds of uncertainty ". . . goes only to doubt about what the pleader means by the facts alleged." (49 Cal.Jur.3d, Pleading, § 144, p. 544, fn. omitted.) Respondents could not have maintained any reasonable doubts as to what appellants were alleging.

Finally, respondents assert a third specification of uncertainty in their brief, although they do not allege that this argument was made to the trial court. Respondents contend that the complaint was uncertain in that it failed to specify that a cause of action was being alleged under 42 United States Code section 1981 et seq. This contention should be deemed waived since it was not raised below. (*People* v. *Merriam, supra*, 66 Cal.2d 390, 396-397.) In any event, the contention is meritless.

A demurrer should not be sustained on the grounds of uncertainty merely because the pleader does not cite a specific statute. The pleader need not allege the legal effect of the facts he states in his complaint. (49 Cal.Jur.3d, Pleading, § 147, p. 551.) Thus, in *County of Santa Clara* v. *Hayes Co.* (1954) 43 Cal.2d 615 [275 P.2d 456], a demurrer was improperly sustained where the plaintiff did not specify whether he was alleging a cause of action in contract or tort. (*Id.*, at pp. 619-620.) "The uncertainty, if any, does not arise out of the allegations of the relevant facts, but out of the legal effect thereof. Plaintiff may not be required to resolve such uncertainty on demurrer . . . ." (*Ibid.*) Similarly here, appellants were not required to cite the specific statute governing their cause of action.

In conclusion, the trial court erred in sustaining the demurrer on the grounds of uncertainty. None of the grounds found in the record, nor the grounds alleged in respondents' brief are sufficient to sustain a demurrer.[8]

The judgment is reversed and the case is remanded to the trial court with directions to overrule respondents' demurrers.

Franson, Acting P. J., and Hanson (P. D.), J., concurred.

---

[8]This court need not reach the issue of whether the action was properly dismissed. By holding that the demurrers were improperly sustained, the issue of dismissal is rendered moot.