**Carol J. HIMAKA, Plaintiff,**

v.

**BUDDHIST CHURCHES OF AMERICA, Jay Shinseki a.k.a. Dennis Shinseki, Sei Shohara, Seigen Yamaoka, and Does I–X, Defendants.**

**No. C–94–2880 DLJ.**

United States District Court, N.D. California.

May 8, 1995.

Stephen R. Pappas, Sole Practitioner, Palo Alto, CA, for plaintiff.

Glen S. Umeda, with the law firm Robinson, Di Lando & Whitaker, Los Angeles, CA, for defendants Buddhist Churches of America, Sei Shohara, and Seigen Yamaoka.

Jay Shinseki, pro se.

### ORDER

JENSEN, District Judge.

On April 12, 1995, the Court heard arguments concerning defendants' motion to dismiss plaintiff's claims arising under the California Constitution, Article I, Section 8 and defendants' motion for Rule 11 sanctions. Stephen R. Pappas appeared for plaintiff. Glen S. Umeda appeared for defendants Buddhist Churches of America (BCA), Sei Shohara, and Seigen Yamaoka. Defendant Jay Shinseki is proceeding pro se. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court GRANTS defendants' motion to dismiss the California Constitutional claims, but DENIES defendants' motion for sanctions.

### I. BACKGROUND

#### A. *Factual Background*

The plaintiff, Carol Himaka, is employed as national director of the Department of Buddhist Education for the Buddhist Churches of America (BCA). She is ordained as a Buddhist minister. Defendant BCA is a tax-exempt religious "umbrella" organization which has various individual Buddhist temples as constituent members.

Defendants Jay Shinseki, Sei Shohara, and Seigen Yamaoka are Buddhist ministers.

Plaintiff claims that she was subject to sexual harassment, disparate wage treatment, and other discrimination due to her gender in violation of Title VII, 42 U.S.C. § 2000e *et seq.* and Cal. Const. Art. I, § 8.

#### B. *Procedural History*

Plaintiff filed suit on August 12, 1994. Defendants first moved to dismiss the complaint on the grounds that the Buddhist Church was not an "employer" with 15 or more employees within the scope of Title VII, 42 U.S.C. § 2000e *et seq.* At a hearing held November 23, 1994, the Court orally denied defendants' motion to dismiss the complaint, but indicated that plaintiff's Title VII and Fair Employment and Housing Act (FEHA) claims against the individual defendants were improper. In an Order filed December 13, 1994, the Court memorialized its oral ruling: the Court denied defendants' motion to dismiss the complaint, holding that the BCA was an "employer" within the scope of Title VII, but granted defendants' motion to dismiss the Title VII and FEHA claims against the individual defendants. "Plaintiff's remaining claims against the individual defendants are not dismissed." Dec. 13, 1994 Order, at 17.

Defendants next moved to dismiss the complaint on the grounds that application of Title VII and state law to the employment relationship between a church and its minister violates the First Amendment. In an Order dated January 19, 1995, the Court denied the motion to dismiss the complaint, but granted the motion to dismiss certain causes of action. Specifically, the Court ordered plaintiff's state and federal claims for unlawful retaliation dismissed on First Amendment grounds. The Court also ordered plaintiff's claim for intentional infliction of emotional distress dismissed on statute of limitations grounds. "Plaintiff's other claims remain in the action." January 19, 1995 Order, at 17.

### II. DISCUSSION

#### A. *California Constitutional Claims*

The legal issue presented by this motion is whether there is a private cause of action

under the California Constitution for gender discrimination/sexual harassment not resulting in termination.

Plaintiff claims that

Defendants' sexually based conduct, alleged above, has resulted in and included denial of career advancement opportunities to plaintiff by defendant BCA based on her sex and sexual orientation, and in an intimidating work environment which renders it impossible for plaintiff to fulfill the duties of her employment.

First Amended Complaint, at 8, 11. Plaintiff claims that this behavior constitutes a violation of Article I, Section 8 of the California Constitution ("Section 8").

Article I, Section 8 states in its entirety:
A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin.

Defendants claim that Section 8 is only applicable to situations where a plaintiff has been disqualified from obtaining employment and/or discharged from employment, which is not the case herein. Defendants also claim that even if plaintiff had stated a valid claim under Section 8, it would be barred by the statute of limitations, which defendants claim is one year.

Plaintiff counters that Section 8 should be construed broadly to effectuate its purposes and that being unable to do one's work and to advance in one's career due to sexual harassment is within the scope of being "disqualified from entering or pursuing" one's profession. Plaintiff concedes that her claim is novel and that she is unable to cite any California case holding that Section 8 creates a private cause of action for gender discrimination not resulting in termination. Plaintiff argues that the claim is not time-barred, as

the applicable statute of limitations is either three or four years.[1]

*Analysis*

■ A constitutional provision is presumed to be self-executing unless a contrary intent is shown. *See Fenton v. Groveland Comm. Services Dist.,* 135 Cal.App.3d 797, 805, 185 Cal.Rptr. 758 (1982); 7 Witkin, *Summary of California Law,* § 52 (9th ed. 1988). However, in *Leger v. Stockton Unified School Dist.,* the court observed that:

The following rule has been consistently applied in California to determine whether a constitutional provision is self-executing in the sense of providing a specific method for its enforcement: A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given force of law.

202 Cal.App.3d 1448, 1455, 249 Cal.Rptr. 688 (1988). The California Constitutional provision at issue here does not provide "rules by means of which" the principles at issue could be given force of law. *Id.* As in *Leger,* the provisions are devoid of "guidelines, mechanisms or procedures from which a damages remedy could be inferred." *Id.* There is no indication of what the scope of a Section 8 private action for employment discrimination would be. Would exhaustion of administrative remedies be required, for example? Could individuals be held liable or only employers?

■ Defendants seem to concede that a cause of action for gender discrimination resulting in *termination* would be viable under Section 8, but even this is not entirely correct. Wrongful discharge in violation of the

1. Plaintiff also claims that several weeks ago, defendant BCA eliminated funding for plaintiff's department, the Department of Buddhist Education, for the purpose of discriminating against plaintiff. Unless and until plaintiff seeks and receives leave to amend to add this allegation, however, it is not a part of the complaint.

Plaintiff further claims that defendants' discrimination and harassment is actionable as a (1)

breach of the implied-in-law contractual covenant of good faith and fair dealing; and a (2) breach of express or implied-in-fact terms of the employment contract. Defendants counter that these tort claims are nowhere in the First Amended Complaint. Defendants are correct. Unless and until plaintiff seeks and receives leave to amend to add these claims, they are not a part of the complaint.

public policy against gender discrimination constitutes a tort under California law. *Rojo v. Kliger*, 52 Cal.3d 65, 276 Cal.Rptr. 130, 801 P.2d 373 (1990). This cause of action is based on the fundamental public policy underlying Section 8, equal opportunity in employment, but is not itself a direct cause of action arising under Section 8. *See id.* at 88–91, 276 Cal.Rptr. 130, 801 P.2d 373. Thus, it appears that there must exist a state tort law mechanism in order to bring a private cause of action to vindicate the public policy against discrimination underlying Article I, Section 8. *See Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 176–77, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980) (recognizing the state tort of wrongful termination in violation of public policy); *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 665–69, 254 Cal.Rptr. 211, 765 P.2d 373 (1988) (describing the parameters of the tort). Whereas California courts have held that there is such a mechanism to redress wrongful discharge in violation of public policy, *Rojo*, 52 Cal.3d at 88–91, 276 Cal. Rptr. 130, 801 P.2d 373, no California court has recognized a comparable mechanism to redress wrongful failure to provide equal promotional opportunities or equal working conditions—the violations which plaintiff alleges.

For these reasons, the Court grants defendants' motion to dismiss the California Constitutional claims. Although Article I, Section 8 sets forth a fundamental principle of equal employment opportunity, it does not itself create a cause of action to redress private employment discrimination not resulting in termination. No existing state tort creates a mechanism for bringing a claim to redress such discrimination. This Court declines to recognize a new such tort under California law.[2]

**B. *Rule 11 Sanctions***

Defendants request Rule 11 sanctions based on plaintiff's inclusion of the Constitutional claims in her First Amended Complaint. Rule 11 provides:

> (b) **Representations to Court.** By presenting to the court ... a pleading ... an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

> . . . . .

> (2) the claims, defenses, and legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> . . . . .

> (c) **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction. . . .

F.R.C.P. 11(b)(2), (c).

Although plaintiff's state Constitutional claims are ultimately unavailing, the Court does not believe they are sufficiently frivolous or without merit as to warrant sanctions. There is little case law dealing with the question whether a party may state a claim for employment discrimination not resulting in termination under Article I, Section 8. Although plaintiff has cited no California case holding there is such a cause of action, defendants have cited no case explicitly holding that there is not. Section 8 can be read as being susceptible to the interpretation plaintiff suggests without doing complete injustice to the language of the provision. Therefore, sanctions are not warranted.

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' motion to dismiss the California Constitutional claims but DENIES defendants' motion for sanctions. As the California Constitutional claims are dismissed, no claims remain against the individual defendants. Only the BCA remains a defendant in the case.

IT IS SO ORDERED.

---

2. Because the Court finds no cause of action under Section 8, it does not address the question of what statute of limitations would apply to such a cause of action.