**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| XOCHITL NISBET,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>AMERICAN NATIONAL RED CROSS;<br>et al.,<br><br>Defendants-Appellees. | No. 18-55534<br><br>D.C. No.<br>2:16-cv-07342-GW-AS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted December 12, 2019[**]
Pasadena, California

Before: N.R. SMITH and WATFORD, Circuit Judges, and HELLERSTEIN,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff-appellant Xochitl Nisbet appeals from orders of the District Court for the Central District of California granting summary judgment to dismiss her claims and ordering her to pay attorneys' fees. Plaintiff had been terminated from her position as a Data Systems Specialist, and claims that she had been harassed and terminated due to her race, disability, religion, and family status. She brought claims against her employer and supervisor for 1) breach of contract; 2) breach of the covenant of good faith and fair dealing; 3) wrongful termination in violation of public policy; 4) violation of the California Constitution, Article I, Section 8; 5) discrimination, harassment, and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"); 6) violation of the California Business & Professions Code § 17200, also known as the Unfair Competition Law ("UCL"); 7) intentional misrepresentation, negligent misrepresentation, and fraudulent concealment; 8) intentional infliction of emotional distress; and 9) violation of the California Labor Code. After disposing of all claims on summary judgment, the district court ordered plaintiff to pay $10,000 in attorneys' fees pursuant to the FEHA, Cal. Gov. Code § 12965(b).

We have jurisdiction to hear the appeal pursuant to 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Jesinger v. Nevada Federal Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994), and we review for abuse of discretion the

2

award of attorneys' fees, *EEOC v. U.S. Parcel Service, Inc.*, 424 F.3d 1060, 1068 (9th Cir. 2005).

Defendants were entitled to summary judgment on all claims. Plaintiff's claim for breach of contract fails as a matter of law. She was an at-will employee under the express terms of her agreement with her employer, so there could not be an implied contract requiring good cause for her termination. *Tomlinson v. Qualcomm, Inc.*, 118 Cal. Rptr. 2d 822, 830-31 (Cal. Ct. App. 2002); *Halvorsen v. Aramark Unif. Servs., Inc.*, 77 Cal. Rptr. 2d 383, 385-86 (Cal. Ct. App. 1998). Plaintiff contends that she contracted to work from home, but she failed to produce any evidence to that effect. Plaintiff's claim for breach of the covenant of good faith and fair dealing fails for the same reasons. *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1110 (Cal. 2000) (Covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.").

Plaintiff's wrongful termination and FEHA claims fail because defendants provided evidence of a legitimate, nondiscriminatory reason for plaintiff's termination. Defendants proved that a national restructuring of their operations resulted in elimination of plaintiff's position, and plaintiff failed to respond with evidence that the justification was pretextual or discriminatory. *See Santillan v. USA*

3

*Waste of Cal., Inc.*, 853 F.3d 1035, 1042 (9th Cir. 2017). As to plaintiff's claims that her supervisor harassed her through racial comments and unfavorable scheduling, these claims of wrongful termination and violation of the FEHA fail because the alleged acts were "occasional, isolated, sporadic, or trivial" and were not "severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive." *Hughes v. Pair*, 209 P.3d 963, 971 (Cal. 2009).

Plaintiff cannot support her claim for intentional or negligent misrepresentation because an at-will employee cannot justifiably rely on oral promises of continued employment. *Slivinsky v. Watkins-Johnson Co.*, 270 Cal. Rptr. 585, 589 (Cal. Ct. App. 1990). Plaintiff also has not produced any evidence or made any argument concerning alleged fraudulent concealment. And none of plaintiff's allegations of intentional infliction of emotional distress rise to the level of outrageous conduct sufficient to sustain the claim. *See Hughes*, 209 P.3d at 976 ("Liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." (internal quotation marks omitted)).

Plaintiff's claim of violation of an unidentified section of the California Labor Code was waived by her failure to raise it in her opening brief. *See Greenwood v.*

4

*Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief."). Article I, Section 8 of the California Constitution does not give rise to a direct cause of action. *Himaka v. Buddhist Churches of Am.*, 919 F. Supp. 332, 334-35 (N.D. Cal. 1995); *see also Leger v. Stockton Unified School Dist.*, 249 Cal. Rptr. 688, 691 (Cal. Ct. App. 1988) ("A constitutional provision . . . is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law."). And because the UCL claim is derivative of other claims, that claim cannot survive where all other claims have been dismissed. *Aleksick v. 7-Eleven, Inc.*, 140 Cal. Rptr. 3d 796, 801 (Cal. Ct. App. 2012).

Regarding attorneys' fees, plaintiff is entitled to appeal notwithstanding the fact that the notice was an amended notice or informal. *See Trinidad Corp. v. Maru*, 781 F.2d 1360, 1362 (9th Cir. 1986) ("We have no difficulty in disregarding the nomenclature assigned by appellants here and will treat the 'second amended notice of appeal' as the new notice of appeal required by [Federal Rule of Appellate Procedure 3(c) and 4(a)(1)]."). Nothing in the Federal Rules of Appellate Procedure prohibits plaintiff from captioning a notice of appeal as a "First Amended Notice of Appeal." Furthermore, "[a]n appeal must not be dismissed for informality of form or

title of the notice of appeal," Fed. R. App. P. 3(c)(4), and the content of the notice complied with Federal Rule of Appellate Procedure 3(c)(1).

On the merits, the district court did not abuse its discretion in awarding attorneys' fees related to litigation after February 9, 2018. By that date, plaintiff knew she did not have any remaining argument to overcome the district court's tentative summary judgment ruling, and she did not file a supplemental brief despite multiple requests for enlargement of time. The district court reasonably found that plaintiff "continued to litigate after" the case became clearly "frivolous, unreasonable, [and] groundless." *See* Cal. Gov't Code § 12965(b). Therefore, the district court was within its discretion under the FEHA to award defendants attorneys' fees. *See id.*

**AFFIRMED.**